# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 22-2588

**Caption [use short title]**

**Motion for:** late motion for hearing this matter to vacate prior order, for reconsideration, for continuance of this matter, for an oral argument or ex parte hearing

**Set forth below precise, complete statement of relief sought:**

for this matter to be heard before a judicial Panel and placed on the court calendar for an oral argument or ex part hearing upon this Writ of Mandamas, vacating the prior order and for the continuance of this matter, for reconsideration because the Plaintiff who is a crime victim / stalking victim who preserves all court errors does not have any other alternative to resolve this matter moves the court to enter judgment in her favor based upon the Defendants Default and as a matter of law

Re: Vicky Ware Bey v. Cynthia Brann

**MOVING PARTY:** Vicky Ware Bey, In Propria Persona    **OPPOSING PARTY:** Slyvia Hinds Radix, City of New York Law Department / Corporation Counsel Counsel for Defendants

☑ Plaintiff   ☐ Defendant
☑ Appellant/Petitioner  ☐ Appellee/Respondent

**MOVING ATTORNEY:** Vicky Ware Bey, In Propria Persona,(Non Attorney)   **OPPOSING ATTORNEY:** Slyvia Hinds Radix, City of New York Law Department / Corporation Counsel

[name of attorney, with firm, address, phone number and e-mail]

Vicky Ware Bey, In Propria Persona
c/o 80 Patton Avenue, Wyandanch Territory, New York Republic [11798]
email: c21res@aol.com  Phone 347-869-8529

Slyvia Hinds Radix, City of New York Law Department / Corporation Counsel
100 Church Street, New York, New York 10007
emails: Service@law.nyc.gov, or SHindsRadix@law.nyc.gov, Phone 212-356-1000

**Court- Judge/ Agency appealed from:** Judge Swain,S.D.N.Y,Kings County Supreme Court, Rosemarie Montalbano and Judge Levy Abadi

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes  ☐ No (explain):

Opposing counsel's position on motion:
☐ Unopposed  ☐ Opposed  ☑ Don't Know
Does opposing counsel intend to file a response:
☐ Yes  ☐ No  ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below? ☐ Yes ☑ No
Has this relief been previously sought in this court? ☐ Yes ☑ No
Requested return date and explanation of emergency: April 18, 2023
The Plaintiff and her relatives are crime victims / stalking victims who are being deprived of their rights and forcefully exploited, whose lives are being jeopardized by the Defendants criminal course of conduct in this matter. The Plaintiff does not have any other adequate adequate means to obtain relief from this ongoing nine year ordeal that has not ceased causing the Plaintiff to become physical ill in which she was hospitalized.

Is oral argument on motion requested? ☑ Yes ☐ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? ☐ Yes ☑ No If yes, enter date: _____

**Signature of Moving Attorney:**

_____  Date: April 4, 2023  Service by: ☑ CM/ECF  ☑ Other [Attach proof of service]

Form T-1080 (rev.12-13)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
_____

| | |
|---|---|
| RE: Vicky Ware Bey, In Proper Persona Sui Juris<br><br>Petitioner /Appellant / Plaintiff / Claimant / Crime Victim /Aggrieved and Injured Party<br><br>VS<br><br>Cynthia Brann, Acting Commissioner<br>NEW YORK CITY DEPARTMENT<br>OF CORRECTIONS<br><br>NEW YORK CITY DEPARTMENT<br>OF CORRECTIONS<br><br>Melanie Whinnery, Executive Director<br>NEW YORK CITY EMPLOYEE RETIREMENT<br>SYSTEM<br><br>NEW YORK CITY EMPLOYEE RETIREMENT<br>SYSTEM<br><br>CITY OF NEW YORK<br>JOHN DOE 1-1000, JANE DOE 1-1000<br><br>APPELLEE(S) / DEFENDANT(S) | **AFFIDAVIT**<br><br>**FOR JUDGMENT, AND FOR THIS MATTER TO BE <u>ACTUALLY HEARD BY A JUDICIAL PANEL</u> FOR THE CONTINUANCE OF THIS MATTER AND FOR RECONSIDERATION, RECALLING THE MANDATE AND FOR AN ORAL ARGUMENT UPON CONTINUANCE OF THIS MATTER AND PRESERVATION OF ERRORS**<br><br>**DOCKET # 22-2588** |

_____

PLEASE TAKE NOTICE the Petitioner /Appellant / Plaintiff / Claimant / Crime Victim / Aggrieved and Injured Party, Vicky Ware Bey, In Proper Persona, Sui Juris, hereinafter referred to as the Petitioner affirms she is personally knowledgeable of all the facts and circumstances in this matter and files this Affidavit because she has no other way to resolve this matter as she has stated in her Writ of Mandamus and in her Appeal, she hereby moves the court to reverse

and vacate its decision, recall the mandate, reconsider and to continue this matter assigning a panel to first hear this matter and placing it on the court calendar for an ex parte hearing or oral argument which was initially requested by the Petitioner on several occasions and left in perpetual abeyance. The Petitioner moves the court to issue a Writ of Mandamus to the lower court directing them to enter judgment in favor of the Petitioner who is the Plaintiff and injured party in this matter, or for this court to enter judgment in favor of the Petitioner by default and as a matter of law because there are no genuine disputes in material facts or issues. The Appellees / Defendants hereinafter referred to as as the Defendants, defaulted by failing to file an Appellees Brief refuting and denying the Petitioners Appellants Brief and her Writ of Mandamus which contains her complaints, grievances that are to be redressed, her causes of action and plausible claims for which relief could be granted in which her heretofore Writs are indisputable. The Petitioner moves the court to reconsider and to recall the mandate that was issued in error without this matter being heard. The Petitioner requested that the Writ of Mandamus be issued because she does not have no other adequate means to attain relief required in which she has already established that her right to the issuance is clear and indisputable and is appropriate under the Petitioner's circumstances which has already been established and supported in all her writs and with prima facie evidence.

## HISTORY OF THE RELATED CASE, DOCKET 22-1021

May 4, 2022, the Petitioner appealed a decision from the United States District Court, Southern District of New York filing a Notice of Appeal with the District Court Order on April 4, 2022 which was served upon the Defendants in this action. On this date the Petitioner filed a Scheduling Notification, D.P. Form, Motion to Proceed Informa Paupers, and a motion for ecf filing.

May 5, 2022 The Petitioner filed and acknowledgment and Notice of Appearance

This appeal was docketed on May 6, 2022.

May 9, 2022, Counsel for the Defendants filed a letter requesting that it no longer be identified as counsel for the Defendants.

May 10, 2022, the Petitioner, filed an Acknowledgment and Notice of Appearance

May 13, 2022, the Petitioner filed her Appellant's Brief with its five Appendices Docket 24-30, which was served upon the Defendants in this matter, and a letter opposing the City of New York Law Department requesting not to be identified as counsel for the Defendants in this matter, which they can not be separated from, Docket 31 with a Writ of Execution for Judgment.

May 19, 2022, the Petitioner filed a motion for provisional monetary and injunctive relief / restraining order and the removal of the case from New York Supreme Court, Docket 37.

May 19, 2022, Sylvia Hinds-Radix, Attorney for the City of New York Law Department / Corporation Counsel as representative for Cynthia Brann, New York City Department of Corrections, Melanie Whinnery and the City of New York was terminated as counsel as record by the court without the Defendants filing a motion with a T1080 cover page, docket 45 even though counsel of record did not enter a motion requesting to be removed pursuant to FRAP 27(2)(A) and (B), and the Appellants motion for provisional monetary and injunctive relief / restraining order in compliance with FRAP 27(2)(A)(B) was unanswered by the court and left in perpetual abeyance and unopposed by the Defendants in this matter.

May 19, 2022, the Petitioner filed a Notice to the Court and letter informing the court that a Writ of Execution had been entered on this date, docket # 47, 48.

May 21, 2022, the Petitioner filed a Motion for the removal of the Supreme Court State case into this court for adjudication and to enter judgment in the favor of the

Petitioner based upon prima facie evidence filed on State and Federal Court records.

May 26, 2022, the Petitioner made an inquiry to the court asking if the Writ of Execution had been sent to the Defendants from the Court, docket 73, it was left in perpetual abeyance.

May 27, 2022, the Petitioner filed a Motion for the immediate removal of the State action to the District Court or this Court, docket 75.

June 2, 2022, the Petitioner filed and Oral Argument Statement, docket # 76, Supplementary papers were added on June 8, 2022, docket # 83, it was left in perpetual abeyance and not added on the court calendar.

June 9, 2022, an Oral Argument Statement was filed again and left in perpetual abeyance.

June 10, 2022, the Petitioner filed a Corrected Brief, Docket #96.

The Petitioner filed multiple requests for oral arguments on June 14, 2022, docket 105; left in perpetual abeyance and not added to the court calendar.

**June 14, 2022, the Petitioner filed a Motion for Default Judgment since the Defendants failed to file an Appellees Brief rebutting, refuting, and denying her Appeal which also contained her Complaint Cause of Action, Grievances to be redressed and Plausible Claims for which relief could be granted, docket #107 was left in perpetual abeyance. An Oral Argument Statement was filed again and a Motion for an Oral Argument was left in perpetual abeyance.**

**June 16, 2022, the Petitioner filed a motion for Default Judgment and Judgment as a Matter of Law Docket # 113, 114, 120, 125, which was left in perpetual abeyance for months.**

**June 26, 2022, the Petitioner filed an Affidavit / Motion for the entry of Judgment and the execution of her Writ of execution, and filed hard copies in the court on June 30, 2022which was left in perpetual abeyance.**

July 6, 2022, the Petitioner filed a written inquiry about the status of her appeal and her Affidavit / Motion for the entry of Judgment by default and as a matter of law since the Defendants defaulted by failing to answer or refute or rebut her appeal which contained her complaint, grievances that are to be redressed, and her plausible claims for which relief could be granted.

September 22, 2022 the Petitioner filed a motion for reconsideration, and continuance, recalling the mandate and for default judgment in which supplementary papers were filed on 10/4/22 this matter was never heard before a panel.

October 12, 2022, an order denying the Petitioner's motion for the continuance of the appeal, to recall the mandate and for default judgment and a restraining order and an oral argument for the continuance of the appeal with supplementary papers were denied without being bought before a panel, docket #289.

October 13, 2022 the Petitioner filed a Writ of Mandamus with four Appendices before the case was closed, docket #290, her Writ of Mandamus was returned Docket # 291, she refiled it again Docket # 292, it was returned in which the court erred stating it was a duplicate Docket # 293. The Petitioner returned it back to the court again Docket # 294 and so on and so forth dockets # 295, 297,298,

October 14, 2022, Docket 22-1021 case was closed without the Petitioners Writ of Mandamus being assigned to a panel or placed on the court calendar to be heard.

Kings County Supreme Court failed to transfer the case 518540/2019 to the District Court for the Southern District after a Notice of Removal had been filed on court record in Kings County Supreme Court and the court failed to deliver and transfer certified copies to the District Court which has original jurisdiction, even after demands of certified copies were filed by the Petitioner on court record. Subsequently, this matter was remanded back to Kings County Supreme Court in which the Petitioner moved this court to consolidate and remove the state action to the District Court and Court of Appeals for adjudication on May 21, 2022, which was left in perpetual abeyance.

## BRIEF HISTORY OF DOCKET 22-2588

October 17, 2022, this case was docketed 22-2588 regarding the Petitioner's Writ of Mandamus. On October 20,2022, October 25,2022,the Petitioner filed an Oral Argument Statement, and a Motion to expedite this matter and assign a panel to this matter on October 21, 2022. On November 2, 2022, an order was issued denying the Petitioner denying her the expeditious calendaring of her Writ of Mandamus. December 6, 2022, a strike order was filed on court record for the Petitioners motion for a restraining order and an oral argument (docket # 77) which were both timely filed and in compliance with courts filing requirements. An applications Judge did not issue or sign this order (docket #77). December 7, 2022, the Petitioner responded opposing to the untimely strike order which is void and without merit (docket #84), the Petitioner requested and oral argument for November 29, 2022, in which this matter was not placed on the court calendar and the requested date for an oral argument had already expired and the Petitioners motions were unopposed by the Defendants. On this same date the Petitioner filed a motion for default judgment and an interstate restraining order (Docket #78) since her prior motion for the same relief had been left in abeyance (Docket #70) after the Defendants failed to respond, and a Judicial panel had not been assigned to this matter. February 16, 2023, the court issued an order denying the Petitioner's Writ of Mandamus stating that she "has not demonstrated that she lacks an

adequate alternative means of obtaining relief and that her right to the writ is clear and indisputable, or that granting the writ is appropriate under the circumstances."

The Petitioner field a motion for default judgment for the Defendants defaulting in this matter and the in related appeal 22-1021 which was overlooked by the court in which the Petitioner preserves these court errors (Docket #93).

Strike order was issued for default judgment requested by the Petitioner which is in compliance with the courts filing requirements.

March 14, 2023, the court issued a Mandate to the District Court.

The District Court for the Southern District has Subject Matter Jurisdiction because it involves Constitutional and Federal Questions, and has in personam Jurisdiction over the Defendants and it has original jurisdiction involving cases in law and equity arising under the United States Constitution and matters involving Federal Questions, Federal Laws, Treaties, Diversity, and claims arising under international relations, Title 28 USC 1331, Title 28 USC 1332, Title 28 USC 1333, Title 28 USC 1361, and venue is proper is pursuant to Title 28 USC 1391(d),(e)(1).

"The en banc Fifth Circuit vacated and remanded, holding that, in removed cases, district courts must decide issues of subject-matter jurisdiction first, reaching issues of personal jurisdiction only if subject-matter jurisdiction is found to exist. The court derived "counsel against" recognizing judicial discretion to proceed directly to personal jurisdiction from *Steel Co. v. Citizens for Better Environment,*

*523 U.S. 83*, in which this Court held that Article III generally requires a federal court to satisfy itself of its subject-matter jurisdiction before it considers the merits of a case." *Ruhrgas AG v. Marathon Oil Co. 98-470 US (1999).* The United States Court of Appeals also has subject matter jurisdiction over this matter pursuant to Title 28 USC 1294, Title 28 USC 1295(a)(2), Title 28 USC 1296. Title 28 USC 1404 allows the Appellant to change venue. The Petitioner moves the court to issue a permanent restraining order against the Defendants pursuant to Title 29 USC 105 in which the Defendants are willfully in direct violation of Title 18 USC 241, Title 18 USC 242, Title 18 USC 1801, Title 18 USC 2261A, NYPL 250.45, United States Constitution, First and Fourth Amendments, which are not enumerated in section 104 of Title 29. The Defendants were provided the opportunity respond, deny, and defend against the Appellants Hybrid Petition and Complaint and this Appeal in which they defaulted by not responding to her appeal and had the opportunity to cross examine allegations contained in her complaint. Therefore, the injunction in labor disputes are permissible by Title 29 USC 107. The Petitioner is covered by Title 29 USC 218c in which the Defendants willfully violate.

This matter was transferred to the District Court, Southern District of New York pursuant to Title 48 USC 1331, which is the basis for removal. The Defendants are willfully violating the First and Fourth Amendments in the United States

Constitution and are depriving the Petitioner and her relatives of their rights under color of law in direct violation of Title 18 USC 241 and Title 18 USC 242 in addition to intentionally and actionably discriminating against the Petitioner based upon her sex/gender, national origin, age, religion and occupational disability she sustained during the performance of her duties while interacting with an inmate in addition to retaliating against her for objecting to being sexually harassed at work by another employee by criminally abusing their power, invading her home, installing hidden eavesdropping equipment and surveillance equipment throughout her home to intentionally sexually exploit her as punishment in retaliation for objecting to being sexually harassed at work without her knowledge and without her implied or expressed consent in which the Defendants willfully violate the United States Constitution Fourth and Ninth Amendments, criminally abusing their power stalking, criminally harassing and sexually exploiting the Petitioner and her relatives interstate in violation of Title 18 USC 2261A, and Title 18 USC 180, while illegally and unlawfully intercepting and disseminating all of the their oral, wire, wireless, electronic communications willfully violating Title 18 USC 2511, while illegally and unlawfully disseminating intimate images of her publicly without her consent and without her knowledge violating Title 18 U.S.C 1801, and Title 47 USC 230 sexually exploiting her in retaliation for her objecting to being sexually harassed at work. The Petitioner learned her employer and their

accomplices are sexually exploiting her by seeing nude images of herself standing in front of her bathroom mirror on another employee's cell phone whom she did not know who was sitting two seats in front of her on the route bus when she was at work in addition to being taunted by other employees whom she did not know about being sexually exploited by her employer in retaliation and as punishment for objecting to being sexually harassed by another employee in the workplace in violation of Title 18 USC 1801. The Defendants willfully violate Title 18 U.S.C 249, Title 18 U.S.C 1512, Title 18 U.S.C 1091, Title 18 USC 2261, Title 18 U.S.C 2331 which involves the premeditated murder and hate crime of the Petitioner's father who was also a stalking victim and a witness to this crime during court proceedings in the State Court to prevent him from testifying in a court of law, record, and equity, in which the state court has completely ignored. The premeditated murder of the Petitioner's father was immediately followed by multiple unprecedented suspicious deaths in the Petitioner's family. The Defendants and their accomplices murdered the Petitioner's father because she asked for a restraining order in the State Acton to enjoin the Defendants and their accomplices ongoing criminal course of conduct against her and her relatives. In addition to the Defendants ongoing criminal course of conduct against the Petitioner and her relatives. The Defendants are intentionally breaching their fiduciary duties concerning the Petitioner violating ERISA and its Federal

Guidelines, in which N.Y.C.E.R.S receives Federal Funds for its retirement accounts in which operates under the auspice of the Incorporated Municipality, The City of New York which invests it retirement funds in N.Y.C.E.R.S.

The Petitioner bought this matter to court for a redress of her grievances involving intentional and actionable discrimination, intentional and actionable employment discrimination, employment retaliation in which she sustained an adverse employment action in which the Defendants directly violate Title 28 USC 2000e-3(a), Title 29 CFR 1604.11, which is harassment based upon sex/ gender in violation of section 703 of Title VII of Civil Rights Act of 1964, employment discrimination in violation of Title 28 USC 2000e-2 which is discriminated based upon national origin, and in terms of compensation, as well as the practices of unlawful employment practices based upon her national origin, sex/gender, religion and in terms of compensation. The Defendants also discriminate against the Petitioner in terms of her occupational disability in direct violation of Title 42 USC 12111, Title 42 USC 12112,

The Petitioner has already filed Prima Facie Evidence on court records which includes an Affidavit and a written expert testimony from Ted Gunderson a Retired FBI Director as well as statements from other victims of the same crimes described in the Petitioner's Affidavit.

The Petitioner who is a crime victim transferred this matter to the District Court because of the unlawful actions and unreasonable delays that occurred in the State Court in which she was physically denied entry into the Kings County Supreme Court on June 3, 2020, June 12, 2020, and on other occasions in direct violation of Title II in the Civil Rights Act of 1964 codified as Title 42 USC 2000a which severely prejudiced her and caused additional injuries to her and her relatives. The Petitioner's documents were erased from the State Court record and/or returned to her to prevent the proper and prompt adjudication of this matter in violation of Title 18 USC 1505.

This matter involves Constitutional Questions, issues and violations as well as Federal Questions, Federal Laws, State Laws and Human Rights Laws in which the Appellees / Defendants continue to intentionally violate daily during this nine year ordeal without ceasing. This matter involves diversity, matters over the amount of $75,000.00, in which the District Court and this court has original subject matter jurisdiction over.

The Petitioner has already established the elements, facts, laws, and stare decisive cases in which are decisions involving similar cases and the same subject matters have already been made in addition to the Appellant providing the court with prima facie evidence pertaining to her grievances, complaint, causes of action and

plausible claims in which she filed a written expert testimony from Ted Gunderson a retired FBI Director on court record.

Judgment by default and as a matter of law is appropriate pursuant to FRCP 56 in this matter because there are no disputes in material facts and there are no triable issues in addition to the Defendants admission to the statements in the Answers and Admission portion of Discovery.

The Petitioner moves the court to continue the appeal reverse its decision recalling the mandate bringing this matter before a judicial panel placing it on the court calendar for an oral argument before a judicial panel for the proper adjudication of this matter.

The Petitioner moves the Court to place this matter on the court calendar for an oral argument which she has already requested numerous times in which it her requests to appear before a Judicial panel to hear this matter was left in perpetual abeyance. The Defendants defaulted by failing to file an Appellees Brief defending against, the Appellant's Complaint, Appeal, and Writ of Mandamus which contained her Complaints, grievances to be redressed, causes of action and plausible claims for which relief could be granted in which there are no genuine disputes in material issues or facts and judgment should have already been entered in the favor of the Petitioner as a matter of law, and by Default, in which the Petitioner has already filed a Motion for Judgment by Default and Judgment as a

matter of law, in which three hard copies were of her motion with exhibits which are her Appellant's Brief and five volumes of Appendices on August 31, 2022, including dockets# 221, 226. Prior to this date hard copies of the Appellant's Judgment Roll and Statement for Judgment and motion for Default Judgment with a Writ of Execution were also filed in the Court of Appeals, Second Circuit, Docket # 125, 130, 131 that was suppose to be entered by the Clerk against the Defendants in the sum of $752,704,061.00 Seven Hundred Fifty Two Million Seven Hundred Four Thousand Sixty One Dollars inclusive of 7% interest together with the costs of this action plus Legal Fees in the Amount of $9,000.00 are to be paid to the Appellant. This matter was never heard before a judicial panel, if the Petitioner had an adequate alternative means to obtain relief this matter would have already been resolved and the Defendants ongoing criminal course of action against her would have already cease. The Petitioner wrote a clear and indisputable Writ of Mandamus which was undisputed and her Appeal was undisputed in which the Defendants failed to refute, deny or answer and there were no genuine disputes in material facts or issues in which this court overlooked in case # 22-1021. The Petitioner filed an Affidavit for judgment as a matter of law and Judgment by default which was overlooked by this court and left in perpetual abeyance, and A panel was never assigned to this matter or placed on the court calendar to be heard. The Petitioner filed a Motion for Judgment by Default and Judgment as a matter of

law, in which three hard copies were of her motion with exhibits which are her Appellant's Brief and five volumes of Appendices on August 31, 2022, including dockets# 221, 226. Prior to this date hard copies of the Appellant's Judgment Roll and Statement for Judgment and motion for Default Judgment with a Writ of Execution was also filed in Court, Docket # 125, 130, 131 that was supposed to be entered by the Chief Clerk against the Defendants in the sum of $752,704,061.00 Seven Hundred Fifty Two Million Seven Hundred Four Thousand Sixty One Dollars inclusive of 7% interest together with the costs of this action plus Legal Fees in the Amount of $9,000.00 are to be paid to the Appellant in damages in the sum of $752,713,061.00 Seven Hundred Fifty Two Million Seven Hundred Thirteen Thousand Sixty One Dollars.

IN CONCLUSION

The Appellant moves the Court to hear her appeal 22-1021, assign a panel and add this matter to the court calendar for an oral argument which was requested several times by her and to recall the mandate which was issued in this case in error. The Defendants defaulted by failing to file an Appellees Brief defending against the Appellant's Appeal which contained her Complaint, grievances, causes of action and plausible claims for which relief could be granted, and there are no genuine disputes in material issues or facts. Judgment should be entered in the favor of the Appellant as a matter of law and by Default. The Appellant filed a Motion for

Judgment by Default and Judgment as a matter of law pursuant to FRCP 56, in which three hard copies were of her motion with exhibits which are her Appellant's Brief and five volumes of Appendices on August 31, 2022, including dockets# 221, 226. Prior to the courts error on February 16, 2023 hard copies of the Appellant's Judgment Roll and Statement for Judgment and motion for Default Judgment with a Writ of Execution were filed in Court, Docket # 125, 130, 131 was supposed to be entered by the Chief Clerk Caherine O'Hagan Wolf against the Defendants in the sum of $752,704,061.00 Seven Hundred Fifty Two Million Seven Hundred Four Thousand Sixty One Dollars inclusive of 7% interest together with the costs of this action plus Legal Fees in the Amount of $9,000.00 payable to the Appellant in the sum of $752,704,070.00 Seven Hundred Fifty Two Million Seven Hundred Four Seventy Thousand Dollars inclusive of 7% interest and Legal Fees in the Amount of $9,000.00 together with the costs of this action.

The Petitioner is entitled to a redress for her grievances and plausible claims for which relief could be granted are provided by United States Constitution, Article III, Section 2.; United States Constitution, Article IV, Section 4.; United States Constitution, I, IX, Amendments; The Treaty of Peace and Friendship, Article 21; Title 29 U.S.C 1132(a)(1), (a)(2), (B),(2), (3),(4),(5); Title 42 U.S.C 1981a(b)(1); New York State Human Rights Law 296(3a),(3c),(3d),(3e),(6),(7),(22a), (22b), (22a1); Title 42 U.S.C 2000e – 5(e)(3), Civil Rights Act of 1991 codified as Title

42 U.S.C 3553; American Disabilities Act of 1990 section of 501 codified as Title 42 U.S.C 12117; Title 42 U.S.C 2000e-4; Title 42 U.S.C 2000e-5; Title 42 U.S.C 2000e-6; Title 42 U.S.C 2000e-8; Title 42 U.S.C 2000e-9; Title 18 U.S.C 1595(a), (b),(1), (b)(2),( c)(1),(c),(2); Title 45 U.S.C 2000ff-6 which provides power and procedures and remedies in sections 705, 706, 707, 709,710, and 711 of Title 42 U.S.C 2000e-4 – Title 42 U.S.C 2000e-6, and Title 42 U.S.C 2000e-8 – Title 42 U.S.C 2000e- 10 the person alleging the violation of Title VII of the Civil Rights Act of 1964, codified as Title 42 U.S.C 2000e shall be the powers and procedures and remedies this chapter provides to the person alleging the unlawful employment violation of this chapter. Amendments to Title VII in 1972 and 1991 were amended and to extend protections to public sector employees and authorizes awards both compensatory and punitive damages uncapped. Title 42 U.S.C 12112 Section 102(b)(5) provides the Appellant with with remedies to recover compensatory and punitive damages uncapped, in addition to Title 18 U.S.C 1091(b)(1),(b)(2),(c),(d),(e),(1),(2),(C),(D).

Wherefore the Petitioner demands a remedy and a redress of her grievances in the sum of of $752,704,070.00 Seven Hundred Fifty Two Million Seven Hundred Four Seventy Thousand Dollars

This matter was never heard before a judicial panel or placed on the court calendar, there are court errors, oversights and omissions which the Petitioner preserves.

Witnessed hereto before me
on the 20th day of March, 2023

*[Notary signature]*
Notary

**DAVID SCHNEIDEWIND**
NOTARY PUBLIC, State of NY
No. 01SC6391355
Qualified in Nassau County
Commission Exp. May 6, 2023

*[Signature: Vicky J. Bey]*
Vicky Ware Bey, In Proper Persona
Vicky Ware, Ex Relatione
All Rights Reserved, without prejudice
c/o 80 Patton Avenue,
Wyandanch Territory, New York Republic
[11798]